**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Horizon Home Loans, a division of First Tennessee Bank National Association,<br><br>   Plaintiff,<br><br>vs.<br><br>Ghulam Doost,<br><br>   Defendant. | No. CV09-1906 PHX DGC<br><br>**ORDER** |

On or about July 27, 2009, following a trustee sale, Plaintiff First Horizon Home Loans ("First Horizon") received a deed to property at 18232 West Banff Lane in Surprise, Arizona ("the property"). Dkt. #12-1 at 10-12.[1] On July 30, 2009, First Horizon gave written notice to the current occupant, Defendant Ghulam Doost, to vacate the property by August 6, 2009. Dkt. #12 at 3; Dkt. #12-1 at 7-8. When Doost did not vacate, First Horizon filed this action for forcible entry and detainer, pursuant to A.R.S. § 12-1171 et seq, in Maricopa County Superior Court, No. CV2009-025074. Dkt. #12 at 3; Dkt. #12-1 at 1-5. Doost removed the action to this Court, alleging federal question and diversity jurisdiction. Dkt. #1, ¶¶ 8-9.

First Horizon has filed a motion to remand on the ground that neither federal question nor diversity jurisdiction apply. Dkt. # 12. It also asks the Court to award costs and

---

[1] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page, not to the numbers at the bottom of each page of a document.

attorney's fees incurred as a result of the removal and to impose sanctions against Doost under Rule 11 of the Federal Rules of Civil Procedure because his removal was frivolous. Dkt. # 12. The motion has been fully briefed. Dkt. ##12, 15. For reasons that follow, the Court will grant the motion to remand and grant the request for attorney's fees and sanctions.[2]

## I. Motion for remand.

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court in the district where the action is pending. Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### A. Federal question jurisdiction.

The Court has subject matter jurisdiction over cases involving "federal questions" pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

#### 1. The well-pleaded complaint rule.

The United States Supreme Court has held that for purposes of subject matter jurisdiction, the federal right claimed "must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112 (1936) (citations

---

[2] The parties' request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

1 omitted). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citations omitted).

On its face, First Horizon's complaint does not state a claim that "arises under" federal law. First Horizon requests immediate possession – an issue arising solely under Arizona law. *See* A.R.S. § 12-1173.01. "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States[.]" *Gully*, 299 U.S. at 116; *see Pan Am.*, 366 U.S. at 664-65. Thus, under the well-pleaded complaint rule, the complaint does not arise under federal law.

### 2. The artful pleading doctrine.

Despite the language on the face of the complaint, Doost alleges that First Horizon cloaks an essentially federal claim under state law. Dkt. #15 at 4. Under the artful pleading doctrine a plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1039-41 (9th Cir. 2003) (internal citations and quotations omitted). Although the artful pleading doctrine allows courts to look beyond the face of the complaint to find federal jurisdiction, "[c]ourts should 'invoke the doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results.'" *Id.* (quoting *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1373 (9th Cir. 1987)). A state law claim raises substantial federal questions when (1) a disputed question of federal law is a necessary element of the state claim, (2) the claim is an inherently federal claim articulated in state-law terms, or (3) the plaintiff's right to relief depends upon the court's resolution of a substantial federal question. *Id.* at 1042.

Here, federal law is not a necessary element of First Horizon's statutory claim. Doost alleges that First Horizon's action for forcible entry and detainer is based upon a promissory note that has many "substantive issues" under various federal acts, including the Truth in Lending Act (TILA). Dkt. #15 at 3-4 n.2-4. Doost alleges that First Horizon avoided federal jurisdiction by glossing over the promissory note and that First Horizon has presented no

proof of being the "Holder in Due Course of the note." Dkt. #15 at 3 n.2. Doost's allegations appear to pertain to the non-judicial foreclosure undertaken by First Horizon's predecessor in interest, not to the subsequent trustee's sale. First Horizon asserts the right to possession of the property pursuant to a trustee's deed, not a promissory note. Dkt. #12, ¶ 3. To the degree that the promissory note is at all relevant, Doost's allegations might serve as a defense to First Horizon's cause of action, but Doost fails to assert his federal argument with any specificity, and, as previously stated, a defense based on federal law is an insufficient basis for federal question jurisdiction. *See ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

First Horizon's claims are not inherently federal. Nor does First Horizon's right to relief "depend on the resolution of a substantial, disputed federal question." *Lippitt*, 340 F.3d at 1042. First Horizon's sole cause of action is for forcible entry and detainer brought under Arizona law. This cause of action expressly limits inquiry to the narrow question of rightful possession and does not extend to the merits of title. Dkt. 12 at 5 (citing A.R.S. § 12-1177(A)). Because First Horizon's claim for forcible entry and detainer is a state-law cause of action and does not depend on resolving any substantial, disputed issues of federal law, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Diversity Jurisdiction.

In an action which does not involve a federal question, removal is proper only if no defendant is a citizen of the State where the action is brought. *See* 28 U.S.C. § 1441(b). This qualification is not met because First Horizon brought the action in Arizona and Doost is identified as a citizen of Arizona both in the Complaint and in Doost's own Notice of Removal. Dkt. #12-1 at 1-5; Dkt. #1, ¶ 6. First Horizon correctly notes, and Doost does not deny, that the citizenship of First Horizon corporation is not relevant for this inquiry. Dkt. #12 at 5.

Furthermore, for the Court to have jurisdiction on the basis of diversity of citizenship, the amount in controversy must exceed $75, 000. 28 U.S.C. § 1332 (a). Doost "bears the burden of establishing, by a preponderance of the evidence," that this criteria is met. *Sanchez*

1 *v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Doost has failed to meet this burden, asserting only that he "believe[s]" from allegations in the complaint that the amount in controversy exceeds $75,000. Dkt. #1, ¶ 7. First Horizon responds, and Doost appears to concede, that this action is solely to determine possession, and there is no amount in controversy. Dkt. #12, 5.

**II.     Rule 11 sanctions.**

"The central purpose of Rule 11 is to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994). Rule 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A frivolous filing is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). Prior to a filing, an attorney has a duty to conduct a reasonable factual investigation and to perform adequate legal research to confirm that assertions in the filing are "warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal citations omitted); *see* Fed. R. Civ. P. 11(b)(2).

The Court finds that Doost's removal was frivolous. In the notice of removal, Doost, without support, asserts federal question jurisdiction "based on the counterclaims being brought by the Defendant." Dkt. #1, ¶ 9. Doost fails to specify a factual basis for his alleged federal counterclaims, claiming only that they arise under the Truth in Lending Act, the Fair Debt Collection Act, and "certain RESPA violations." Dkt. #1, ¶ 9; Dkt. #15 at 3. More importantly, adequate legal research would have revealed that counterclaims cannot serve as the basis for federal question jurisdiction.

In his response to the motion to remand, Doost asserts for the first time that "there is a federal question presented in First Horizon's Complaint." Dkt. #15 at 2. For this reframing of the Court's basis for jurisdiction, Doost relies on the same conclusory statements already examined without offering a specific factual basis for the allegation that First Horizon "cloak[s] their claims" and "omit[s] the essential federal issues." Dkt. #15 at 4. Doost's only

specific factual allegation – that First Horizon fails to document that it is the holder of the promissory note – rests on Uniform Commercial Code sections 3-308(a)-(b) and 302(i), which Doost erroneously identifies as United States Code provisions. Dkt. #15 at 4. As noted above, First Horizon's holder status is not relevant to this Court's jurisdiction; furthermore, as First Horizon states in its reply, the UCC provisions are codified in Arizona law (Dkt. #17 at 3) and are not, as Doost contends, under "the jurisdiction and prowess of the Federal Courts." Dkt. #15 at 4. Doost's removal to this Court was without a proper factual foundation or a reasonable legal basis.

Doost's removal on the basis of diversity jurisdiction also lacks proper factual foundation or adequate legal research. Doost's own claim of Arizona residency (Dkt. #1, ¶ 6) conflicts with his assertion that the case is subject to removal. Dkt. #1, ¶ 8. As stated above, 28 U.S.C. § 1441(b) clearly states that removal on the basis of diversity jurisdiction is proper only if no defendant is a citizen of the state where the action is brought. Furthermore, Doost makes no attempt to point to specific allegations in the complaint or to any other factual basis beyond "information and belief" to support that the amount in controversy exceeds $75,000. Dkt. #1, ¶ 7. In his response to the motion for remand, Doost makes no further mention of diversity jurisdiction and makes no response to First Horizon's counter-arguments, further confirming the baselessness of Doost's contentions in the notice of removal.

First Horizon argues that Doost removed this case in order to delay his ouster from the property. Dkt. #12 at 7. While precise motive is difficult to prove, this argument appears to have merit in light of the fact that Doost has no factual or legal basis for removal. The unnecessary delay caused by Doost's improper removal also contravenes the purpose of Arizona's forcible entry and detainer statute: "[f]orcible entry and detainer is a statutory proceeding whose object is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433, 880 P.2d 648, 653 (App. Div. 1 (1993)) (citing *DVM Co. v. Stag Tobacconist, Ltd.*, 137 Ariz. 466, 467, 671 P.2d 907, 908 (1983);

1  *Heywood v. Ziol*, 91 Ariz. 309, 372 P.2d 200 (1962)). Because the Court finds Doost's removal baseless and an obstruction of the purpose of the state law forming the basis of the Complaint, Rule 11 sanctions are appropriate. The Court concludes that those sanctions should take the form of reasonable expenses, other than attorneys' fees and court costs, incurred by First Horizon because of the improper removal.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because the Court finds that Doost's removal was without merit, the Court finds that an award of reasonable costs and attorney's fees for First Horizon is appropriate.

**IT IS ORDERED:**

1. First Horizon's motion to remand (Dkt. #12) is **granted**. This case will be remanded to Maricopa County Superior Court.
2. First Horizon's request for Rule 11 sanctions is **granted**.
3. First Horizon's request for reasonable costs and attorney's fees is **granted**.
4. By **November 20, 2009**, First Horizon shall file a memorandum and supporting material identifying the expenses, other than attorneys' fees and costs, incurred as a result of Doost's improper removal, and also identifying the attorneys' fees and recoverable litigation costs incurred in obtaining this remand. By **December 4, 2009**, Doost shall file a response. No reply will be permitted. The Court will award sanctions, attorneys' fees, and costs after reviewing the parties' submissions.

DATED this 6th day of November, 2009.

David G. Campbell
United States District Judge